UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE A. TILLETT and GRACE L. TILLETT,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BREMERTON, et al.,<br><br>　　　　　　　Defendants. | Case No. C09-5621RJB<br><br>ORDER ON STIPULATED PROTECTIVE ORDER |

On July 30, 2010, the court received a proposed Stipulated Protective Order, which the court has considered to be a joint motion for a protective order. Dkt. 19.

**Proposed Protective Order.** The parties request that the following information be subject to the protective order: "training manuals published by the Drug Enforcement Administration, including but not limited to, 'Drug Raids and Special Operations Planning Guide.'" Dkt. 19, p. 1. The parties have also set forth in detail the procedure for disclosure and disposition of information covered by the protective order (Dkt. 19, p. 1-2).

**Legal Standard.** Fed.R.Civ.P. 26(c) provides as follows:

**(c) Protective Orders.**

**(1) In General.** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

ORDER
Page - 1

oppression, or undue burden or expense, including one or more of the following:

    **(A)** forbidding the disclosure or discovery;
    **(B)** specifying terms, including time and place, for the disclosure or discovery;
    **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
    **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
    **(E)** designating the persons who may be present while the discovery is conducted;
    **(F)** requiring that a deposition be sealed and opened only on court order;
    **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
    **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) Ordering Discovery.** If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3) Awarding Expenses.** Rule 37(a)(5) applies to the award of expenses.

**Court Involvement in Discovery.** Federal Rules of Civil Procedure 26 through 36 are designed to guide the parties through the discovery process. The parties should enlist the court to assist them only when necessary. The court may issue protective orders if the parties show good cause. However, a protective order should not be used to involve the court in the discovery process, except under narrow circumstances. A protective order should not be used to rubber stamp a procedure that the parties have developed for disclosing documents and disposing of those documents; parties should be able to agree among themselves on the procedures they will follow during discovery.

**Documents to be Protected.** It is also inappropriate for the court to "protect" broad classes of documents, without compelling justification. There are instances when a document, or a narrow class of documents, may warrant an order of the court to protect those documents from further disclosure, for example, medical records protected under HIPAA regulations. However, a request to protect any such documents must clearly identify the document or class of documents, and set forth the reason that the court's intervention is necessary to protect those documents from further disclosure. This proposed protective order identifies a broad class of documents, not specific documents, (except for one,) or narrow classes of documents; and, further, does not provide a reason why such documents should be protected.

While the Court can imagine reasons that the DEA's "Drug Raids and Special Operations Planning Guide" might need a protective order, no reason is shown. The Court has no idea why the DEA's training manuals need a protective order.

ORDER
Page - 2

**Filing Documents with the Court.** It is unnecessary for the court to issue a protective order governing filing of documents with the court. Counsel may pursue appropriate remedies with regard to sensitive information, including sealing under Local Rule CR5(g); filing motions *in limine*; and employing motions or objections at trial.

**Amendment of the Protective Order.** The proposed protective order provides that the order may be amended by agreement of the parties. Any amendment to a protective order entered by the court must be approved and signed by the court. Further, any protective order issued by the court must contain a provision that the court may change the terms of the protective order either on motion of the parties or *sua sponte* after notice to the parties and an opportunity to be heard.

**Continuing Jurisdiction.** The parties should be aware that, once a case is concluded, the court chooses not to retain jurisdiction over a collateral matter such as a protective order.

Because the proposed Stipulated Protective Order does not meet the requirements for issuing a protective order, the court should deny the parties' joint motion for a protective order.

Therefore, it is hereby

**ORDERED** that the parties' joint motion for a protective order (Dkt. 19) is **DENIED without prejudice.** The Stipulated Protective Order (Dkt. 19) will remain in the court file, but will not be signed by the court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of August, 2010.

Robert J Bryan
United States District Judge