The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| GEORGE A. TILLETT, and GRACE L. TILLETT, his wife.<br><br>Plaintiffs,<br>v.<br><br>CITY OF BREMERTON, et al.,<br><br>Defendants. | Civil Action No.: CO9-5621 RJB<br><br>RESPONSE TO DEFENDANT CITY OF BREMERTON'S MOTION FOR SUMMARY JUDGMENT |

## I. RESPONSE

Comes now the plaintiffs, by and through their attorney of record Gary A. Preble of Preble Law Firm, P.S. and responds to the motion for summary judgment as follows:

## II. FACTS

The Bremerton Police Department has a division called the Special Operations Group (SOG). Declaration of Mark Koontz exhibit A at 4:23-24. SOG detectives investigate vice and narcotics related crimes. Id at 5:12-15. In September 2008, the detectives in SOG were Sergeant Randy Plumb, Steven Polonsky, Jeffrey Inklebarger, Harold Phillip Whatley, Floyd May, Roy Alloway, and Rachel Lepovetsky. *Id.* at 7:1-4.

On September 3, 2008, SOG detective Steven Polonsky conducted a controlled buy of methamphetamine using a "police operative" (P.O.), also known as "confidential informants" (C.I.). Under the surveillance of SOG detectives the P.O. purchased methamphetamine from Erik

*RESPONSE TO DEFENDANT CITY OF BREMERTON'S*
*MOTION FOR SUMMARY JUDGMENT - Page 1 of 12*
*CO9-5621 RJB*

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

McShepherd at 1718 Sheridan Road, Bremerton, Washington. McShepherd resided at 1718 Sheridan, a residence owned and occupied by George T. Tillett (hereafter "Tom") and his wife, Nancy Tillett. Polonsky Decl., Ex. A at A-4.

On September 8, 2008, Polonsky conducted another controlled buy of methamphetamine from Erik McShepherd at 1718 Sheridan Road using the same P.O. Polonsky Decl., Ex. A at A-6. Also on September 8, 2008, Polonsky presented a complaint for a search warrant for 1718 Sheridan Road to Kitsap County Superior Court Judge Jay Roof. Polonsky Decl., Ex. B. Polonsky documented in the complaint that the P.O. purchased methamphetamine from McShepherd in the residence located at 1718 Sheridan Road. *Id.* at 5:9-6:2. Polonsky also documented that the P.O. told Polonsky that while the P.O. was in the residence at 1718 Sheridan Road, the P.O. observed Nancy Tillett holding a "meth pipe" and Nancy Tillett asked the P.O. if the P.O. wanted to smoke methamphetamine. *Id.* at 5:23-29.

Judge Roof found probable cause to search 1718 Sheridan Road and issued a search warrant for "A two story unfinished wood residence located at 1718 Sheridan Road, Bremerton in Kitsap County, Washington." Polonsky Decl., Ex. C at 1:15-23. The warrant authorized any peace officer to search the 1718 Sheridan residence in order to seize evidence of the crime of Violation of the Uniform Controlled Substance Act, RCW 69.50.401. *Id.* at 1:25-29. The residence had an attached garage. Declaration of Mark Koontz ex. B at 152:14-17.

SOG detectives served the search warrant on September 10, 2010. Prior to serving the search warrant, Polonsky held a briefing with the members of SOG informing them of the probable cause and the search warrant issued to search 1718 Sheridan Road. Polonsky Decl, Ex. A at A-8. Polonsky informed each member of SOG what their responsibilities were. Declaration of Mark Koontz ex. A at 26:9-13. Polonsky informed the SOG detectives that the P.O. had told

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 2 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

Polonsky that there was a business selling auto parts out of the garage attached to the residence. Polonsky Decl., Ex. A at A-8. Tom Tillett and his father, Plaintiff George A. Tillett, had been "partners" and had worked together for many years. Tom ran a machine shop and also repaired vehicles, for which George supplied parts. Declaration of George T. "Tom" Tillett in Support of Plaintiffs' Response to Summary Judgment (Tom Tillett Decl.).

The SOG detectives involved in entering 1718 Sheridan were Polonsky, Whatley, Plumb, Inklebarger, Lepovetsky and May. Detective Alloway was assigned surveillance duties and assisting with person detained. Plumb Decl., Ex B. Patrol Officers, including defendant Keith Sargent, did not make entry into the residence but were in charge of covering the residence and assisting with persons detained. Sergeant Decl., Ex A.

SOG detectives arrived at 1718 Sheridan wearing clothing that clearly displayed the word "POLICE" on the front and above each arm. Polonsky Decl., Ex A at A-8. The service of a search warrant for this residence was not an "high risk entry" as demonstrated by the "high risk entry check list". Second Declaration of Gary Preble Ex. 5 at 10. The plan for the raid was to enter the building through the front door. *Id.* at 1. There was an alternate plan to enter through the garage. *Id.* at 2. Prior to the entry to the house, Detective Whatley saw a male suspect enter the garage. First Declaration of Gary Preble Ex. 3 at 86. Prior to entry of the home the team was stopped by a closed front gate. *Id.* Ex. 1 at 23. While near the gate no less then three separate officers saw a male suspect, identified later as George Tillett, through a doorway (which was separate from the garage entrance). *Id.* at Ex. 1 at 23-24, Ex 4 at 99. None of the officers attempted to detain Mr. Tillett, or enter the house through the garage as was their alternate plan. *Id.* at Ex. 4 at 114.

When the entry team was at the front door to the house, which stood open, Polonsky knocked on the door and shouted "Police! Search Warrant!" several times. Polonsky Decl., Ex A

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 3 of 12
CO9-5621 RJB

Preble Law Firm, P.S.
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960  FAX: (360) 943-2603

at A-8. There was no response from anyone inside the building. *Id.* Detectives Polonsky, Whatley, Plumb, Inklebarger, Lepovetsky and May entered the residence. *Id.* As the detectives moved throughout the house, they shouted loudly, "Police with a search warrant!" Whatley Decl, Ex. A at 2. Several occupants were detained and taken out of the residence to allow the detectives to safely and efficiently search the residence pursuant to the warrant. *Id.*

As Whatley was clearing the house, he came to a stairway that led down into a garage. *Id.* Other detectives had already gone down the stairs. *Id.* At the bottom of the stairs was the garage, where Whatley observed a closed door. *Id.* Whatley did not know what or who was behind the door. *Id.* Whatley stayed at the bottom of the stairs near the closed door to ensure the safety of the other officers. *Id.*, Koontz Decl, ex. D at 126:18-127:12. Whatley heard other detectives continuing to announce "Police with a warrant!" Whatley Decl, Ex. A at 2.

The closed door Whatley was covering was suddenly opened by a male wearing a gray coat. *Id.* at 3. The male was later identified as George Tillett. *Id.* Whatley pointed his rifle at Tillett and yelled, "Police. Get on the ground!". *Id.* According to Whatley,[1] George refused; instead he said, "No!" and retreated back into the room from which he had emerged. *Id.* Whatley reached out to grab Tillett's coat, and Tillett backed away from Whatley. *Id.*, at 3, continuing to back away and retreat further into the room. *Id.* Whatley testified Tillett was not acting in an aggressive nature but was resisting in such a way as to convince Detective Inklebarger he did not want to be touched. First Preble Decl, ex. 1 at 49. Whatley stated that as Tillett backed up, he fell into a sitting position. Whatley Decl, Ex. A at 3. Whatley said he grabbed Tillett by the coat and again told Tillett to lie on the ground. *Id.* Whatley testified Tillett refused, continued to resist

---

[1] Since George has died, the only direct testimony of what occurred in the office with him, Whatley and Inklebarger are the statements of the detectives. Evidence of the injuries he sustained are available from other detectives and Tom and Nancy Tillett.

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 4 of 12
CO9-5621 RJB

Preble Law Firm, P.S.
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

and yelled, "No" while trying to prevent Whatley from touching him. First Preble Decl, ex. 1 at 53. Whatley stated he pulled on Tillett's coat, and that Tillett went to the floor and went onto his stomach. Whatley Decl, Ex. A at 3.

Inklebarger and Whatley attempted to place hand restraints on Tillett. *Id.* However, Tillett tucked his left arm under his body to prevent the officers from placing restraints on it. *Id.* The officers were able to get Tillett's hands behind his back and place restraints on his wrist. *Id.* Tillett yelled that his hand had been broken. *Id.* The defendants claim Tillett had injured his right hand prior to the service of the search warrant. May Decl., Ex A at 3; Koontz Decl, Ex F. Prior to the raid, George had not informed his son that he had broken his hand, and in fact Tom had observed his father using the hand without pain. Declaration of Tom Tillett. Inklebarger noticed that Tillett had a "small" laceration on his right wrist. Inklebarger Dec, Ex. A at 2. Inklebarger double-locked the restraints, which ensured that they would not tighten. *Id.* Tillett was assisted to his feet and Inklebarger and Plumb escorted Tillett out of the garage to the front of the house. *Id.* In forcefully escorting Tillett out of the garage, one of the officers was holding Tillett's arm in such a way as to cause him great pain. Declaration of Tom Tillett.

While outside Tillett requested of Officer Sargent that Tillett be allowed to sit down. Sargent removed the restraints and got a chair for Tillett. Sargent Decl, Ex. A. The hand restraints were on Tillett for approximately five minutes. Plumb Declaration. Sargent and other officers repeatedly asked Tillett if he wanted to receive medical aid, but Tillett declined. *Id.* Plumb provided Tillett with a band aid. *Id.* The Bremerton Fire Department (BFD) was at the scene and ready to clear the scene when officers requested that Tillett be administered a medical evaluation. *Id.* BFD medically cleared Tillett and left the scene. *Id.*

After the raid, several officers expressed concern at Detective Whatley's use of force

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 5 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

against Tillett. First Preble Decl, ex. 4 at 138–141, 143–145, 147–148, Second Preble Decl ex. 6, Detective Whatley attempted to "justify" his use of force by referencing his SWAT training. *Id.* ex. 6. Sergeant Plumb felt this explanation was inadequate. *Id.* ex. 6, First Preble Decl, ex. 4 at 147–148. Detective Whatley continued to feel that Detective Whatley had other options to deal with Tillett. *Id.* at 144.

### III. Legal Argument

A.  **Standards of Summary Judgment**. Summary judgment is proper if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

> [T]here can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 323. Thus, in order to continue, the plaintiffs need only show that an issue of genuine fact surrounds the claims.

B.  **NEGLIGENT INVESTIGATION**

Plaintiffs do not oppose summary judgment on this issue.

C.  **NEGLIGENT SUPERVISION**

The City of Bremerton was negligent in its supervision of the defendant officers. The elements of negligent supervision are:

> [W]here an employee is acting outside the scope of employment, the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others. This duty gives rise to causes of action for negligent hiring, retention and supervision.

*Niece v. Elmview Group Home*, 131 Wash. 2d 39, 48, 929 P.2d 420, 426 (1997). In the present

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 6 of 12
CO9-5621 RJB

Preble Law Firm, P.S.
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

case, the city of Bremerton hired Detective Whatley following his stint in the Everett SWAT team. Yet, Detective Whatley was confused as to how his role in the Bremerton SOG differed from his work in the SWAT team—so much so that Sergeant Plumb had to explain the difference to him. But Plumb did so only *after* Whatley had reacted as a SWAT officer and not a SOG member. The result was that George was injured. Even May was concerned with the manner in which George had been treated. Second Preble Decl., ex. 6. Thus, the City of Bremerton is liable for not taking the time to better explain Whatley's new position *before* he injured an innocent citizen.

D.   **42 USC § 1983**

The defendant officers exceeded their constitutional authority and deprived the plaintiff of his Constitutional rights to be free of, "the right "to be secure in their persons ... against unreasonable ... seizures" of the person." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989), and as such they are liable to the plaintiff for the damage their actions caused.

The defendant Officers have alleged they are protected by qualified immunity. The defendant City of Bremerton, however, is not so protected, as the Supreme Court bluntly put it:

> we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents. . . . [U]nlike various government officials, municipalities do not enjoy immunity from suit-either absolute or qualified-under § 1983. In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury.

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S. Ct. 1160, 1162, 122 L. Ed. 2d 517 (1993). In finding a policy or custom the courts have further held that a municipality need not affirmatively act for liability to be found:

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 7 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

> [A] municipal policy giving rise to liability under § 1983 may be inferred even when the policymaker has failed to act affirmatively at all, so long as a need to control the agents of the government "is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymake[r] ... can reasonably be said to have been deliberately indifferent to the need."

*Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 421, 117 S. Ct. 1382, 1397, 137 L. Ed. 2d 626 (1997).

In defining the term "custom" the court has noted as followed:

> Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice *is so widespread* as to have the force of law.

*Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).

In the present case, the City of Bremerton was deliberately indifferent in their custom of ignoring the raid plan. The training that the City allowed its officers to attend clearly, forcefully, and repeatedly stated the need for defined roles, and to follow the plan during a raid. Second Preble Decl., Ex 8, Ex 9. Yet, City custom was so lax on this part as demonstrated by the Tillett raid, that virtually all of the remaining defendants failed to adhere to the raid plan. Whatley entered the garage, and contacted George. Inklebargar did likewise. Patrol, including Officer Sargent never contacted George in the garage as was the plan. And Alloway, who likely saw three officers ahead of him point to George through the open door, failed to either contact George or identify him to Patrol. All members of the entry team failed to execute their own portions of the plan, and the predictable result of this widespread custom was the injuries to George caused by Whatley.. As a result, the city will be liable to Plaintiffs for their damages.

E.   **FAILURE TO USE REASONABLE CARE**

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 8 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

Washington Law recognizes a tort for negligence actions. In Washington State this tort has been defined as follows:

> The elements of a negligence action are duty, breach, proximate cause, and damages. Duty is the duty to exercise ordinary care, or, alternatively phrased, the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances. Breach is the failure to exercise ordinary care, or, alternatively phrased, the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances. Breach is also called "negligence."

*Mathis v. Ammons*, 84 Wn. App. 411, 415-16, 928 P.2d 431 (1996) (footnotes omitted).

In the present case, Whatley failed to act with reasonable care when he arrested George, by forcing an 81 year old man to trip over goods in an area he saw was cluttered. These actions were not those of a reasonable person, given that both Whatley's superior and fellow officer May have stated that Whatley had other options. Second Preble Decl., ex 6.

The Defendants allege that they are protected by the public duty doctrine. The public duty doctrine has multiple exceptions that allow for liability to attach including:

> [W]hen the terms of a legislative enactment evidence an intent to identify and protect a particular and circumscribed class of persons.

*Bailey v. Town of Forks*, 108 Wn.2d 262, 268, 737 P.2d 1257 (1987). In Washington State the legislature have moved to protect citizens from predatory officials:

> (1) A public servant is guilty of official misconduct if, with intent to obtain a benefit or to deprive another person of a lawful right or privilege:
> (a) He intentionally commits an unauthorized act under color of law; or
> (b) He intentionally refrains from performing a duty imposed upon him by law.

RCW 9A.80.010(1). In infringing on George's right to be free from excessive force, Whatley placed George squarely with in the identified and protected class of persons those who have been deprived "of a lawful right or privilege." Likewise, in refraining from performing his duty to

*RESPONSE TO DEFENDANT CITY OF BREMERTON'S*
*MOTION FOR SUMMARY JUDGMENT - Page 9 of 12*
*CO9-5621 RJB*

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

protect George's right to be free from excessive force by allowing Whatley to take George to the ground, Inklebarger did so as well.

The City of Bremerton as the employer of both men will be liable through the doctrine of respondeat superior:

> Under the *respondeat superior* doctrine, an employer may be liable for its employee's negligence in causing injuries to third persons if the employee was within the "scope of employment" at the time of the occurrence.

*Breedlove v. Stout*, 104 Wn. App. 67, 69, 14 P.3d 897 (2001). Here, both officers were employed by the city and acting in their official capacity as officers of the Bremerton Police department. Ths Bremerton will be liable.

F.   **42 USC § 1985**

Plaintiffs do not oppose summary judgment on this issue.

G.   **OUTRAGE**

The elements of a claim of outrage are:

> (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff."

*Robel v. Roundup Corp.*, 148 Wn.2d 35, 51, 59 P.3d 611 (2002).

*1. Extreme and outrageous conduct of police officers.*

The first element is submitted to a jury only after a judge, "determine[s] if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Id.*

Defendants' conduct was extreme and outrageous because in the face of information to the contrary, police officers stopped a citizen without probable cause and subjected him excessive force for a person of his advanced years and delicate constitution. In this case, the police officers had information that George was in the garage, running his business. *See* Declaration of Gary A.

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 10 of 12
CO9-5621 RJB

Preble Law Firm, P.S.
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

Preble attachment The police also had information that Tom Tillett conducted legitimate business, or at least did legal favors for friends in the garage. See Id., Attachment The police had an operational plan which clearly stated that the garage was not expected to be an area of high danger. Id., Attachment.

By contrast Mr. Tillett was an 81-year-old man, who was in no way involved in drugs. George was affirmatively known to at least one of the officers involved, as a member in the community in good standing. And he was running a legitimate business.

The officers, seizing him without probable cause showed they had no intention of abiding by their own operations plan. They were determined to use the full opportunity afforded by an otherwise valid search warrant to search all persons on the property regardless of their known involvement in the drug trade that was under investigation.

It is these facts, as well as the defendants' casual disregard for the health and safety of an 81-year-old man, that would lead a reasonable person to say, "That's outrageous! How can a citizen of Washington be treated like this by those who are supposed to protect him? And how can police officers be so focused on perpetrating their own agenda that they would tackle an elderly man they knew was in the garage and took no steps to protect?"

As to severe emotional distress, the court has stated:

> The elements of outrage sufficiently limit recovery of emotional distress damages without necessity to prove severe emotional distress by objective symptomatology. Unlike causes of action based on negligence, a plaintiff claiming intentional infliction of emotional distress must show extreme and outrageous conduct intended to cause (or reckless regarding) emotional distress to the plaintiff. Once these have been shown, it can be fairly presumed that severe emotional distress was suffered. An analogous example can be found in this court's decision in *Carmody v. Trianon Co.*, 7 Wn.2d 226, 109 P.2d 560 (1941). *Carmody* upheld an award of damages for mental anguish without requiring direct proof of the mental anguish because " '[n]o one could receive a beating, such as was rendered the plaintiff in this case, without suffering insult and humiliation therefrom.' "

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 11 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603

*Carmody*, 7 Wn.2d at 235, 109 P.2d 560 (quoting *Stewart v. Watson*, 133 Mo.App. 44, 112 S.W. 762, 764 (1908)).

*Kloepfel v. Bokor*, 149 Wn. 2d 192, 201-202, 66 P.3d 630 (2003).

   *2. Recklessness and damages.*

   Reasonable minds could not differ that the police defendants acted in an extreme and reckless manner, and the remaining two elements of outrage—the recklessness of the officers and the emotional damage to the plaintiff—are both questions of fact for the jury. *Robel v. Roundup Corp., id.* The plaintiff has alleged the detention of George Tillett was reckless, and that they suffered damage as a result. According to Washington State law it is now for a jury to decide.

H. **LOSS OF CONSORTIUM**

   Loss of Consortium is a valid basis for the awarding of damages in Washington State:
   a cause of action is hereby extended to the wife for damages for the loss of her
   husband's consortium due to the negligence of a third party.

*Lundgren v. Whitney's, Inc.*, 94 Wn. 2d 91, 96, 614 P.2d 1272 (1980).

   Because the sole means by which the plaintiff challenges the right of Grace Tillett to collect is because no torts were committed by the officers, the previous showings of the plaintiffs are sufficient to show that the defendants did in fact commit torts and thus, Grace Tillett is entitled to recover for loss of consortium.

## IV. Conclusion

   For the foregoing reasons, the plaintiffs ask that the court grant in part and deny in part the defendant's motion for summary judgment.
   RESPECTFULLY SUBMITTED this 6 day of December, 2010.

                              GARY A. PREBLE, WSBA # 14758
                              Preble Law Firm, P.S.
                              2120 State Avenue N.E.
                              Olympia, WA 98506
                              Attorney for Plaintiffs
                              gary@preblelaw.com

RESPONSE TO DEFENDANT CITY OF BREMERTON'S
MOTION FOR SUMMARY JUDGMENT - Page 12 of 12
CO9-5621 RJB

**Preble Law Firm, P.S.**
Attorneys at Law
State & Sawyer Building, Suite 101
2120 State Avenue N.E.
Olympia, Washington 98506
(360) 943-6960   FAX: (360) 943-2603