UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE A. TILLETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BREMERTON, et al., <br><br> Defendants. | Case No. 09-5621RJB <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR CONTINUANCE |

This matter comes before the Court on Plaintiffs' Motion for Continuance as to Defendant Alloway (Dkt. 53). The Court has considered the motion, the responses, and the remainder of the file herein.

On November 18, 2010, Defendant Alloway filed a motion for summary judgment. Dkt. 27. On December 6, 2010, Plaintiffs filed a motion seeking to continue Defendant Alloway's summary judgment until February 4, 2010. Dkt. 53. Plaintiffs assert that the need more time to perform discovery based on the recent discovery of Defendant Alloway's alleged dishonesty. Dkt. 53 & 54. Plaintiffs allege that if they are not allowed to perform discovery, their ability to defend summary judgment would be severally hampered. Dkt. 53, p. 3.

Defendant Alloway opposes the Plaintiffs motion because the motion is based on inadmissible evidence, the City has produced all responsive documents, the new information is

ORDER - 1

irrelevant or not admissible to oppose summary judgment, and Plaintiffs' dilatory conduct has

1    irrelevant or not admissible to oppose summary judgment, and Plaintiffs' dilatory conduct has

2    created the need for a continuance. Dkt. 66, p. 1-2.

3        Plaintiffs reply that the information is admissible and that the requested information is

4    relevant. Dkt. 70. Plaintiffs state that they are seeking time to determine whether Alloway is a

5    trustworthy source of information as to this role in the raid and the roles of the other officers.

6    Dkt. 70, p. 6.

7        First, Defendant Alloway seeks to strike various parts of Plaintiffs' motion. The Court

8    will consider the Plaintiffs motions and filings and will give the filings their due weight in

9    accordance with the Federal Rules of Evidence.

10        Next, the Plaintiffs have not shown good cause to continue the motion for summary

11    judgment. "When an act may or must be done within a specified time, the court may, for good

12    cause, extend the time…." Fed.R.Civ.P. 6(b)(1). Plaintiffs have failed to show that they were

13    not able to obtain the information during the discovery period. Plaintiffs' counsel admits that

14    "[a]fter a *very* brief search… [Mr. Preble] was able to obtain… a portion of a motion to dismiss

15    in a criminal matter that seems to indicate the court found Detective Alloway had lied to the

16    court…." (emphasis in original) Dkt. 54, p. 1. Plaintiffs do not state why they were not able to

17    find this information sooner if the information was easily found.

18        Moreover, Plaintiffs have failed to show the relevancy of the new found information to

19    the summary judgment motion. Plaintiffs have not pointed to what statements made by

20    Defendant Alloway would be affected by the discovery of the new information. It has not been

21    alleged that Defendant Alloway was part of the investigation, had a part in the issuance of a

22    search warrant, was part of the entry team serving the search warrant, or had contact with

23    Plaintiff Tillett. The Court fails to see the relevancy of such information except to discredit the

24

1  testimony of Defendant Alloway.  But even assuming that Defendant Alloway's testimony is
2  unreliable, it appears that such testimony would have little effect on the Plaintiffs' claims.  For
3  the foregoing reasons, Plaintiffs' motion to continue should be denied.

5      The Court does hereby find and **ORDER**:
6  (1) Plaintiffs Motion for Continuance as to Defendant Alloway (Dkt. 53) is
7  **DENIED**; and
8  (2) The Clerk is directed to send copies of this Order to all counsel of record and any
9  party appearing *pro se* at said party's last known address.
10 DATED this 28th day of December, 2010.

    */s/ Robert J. Bryan*
    ROBERT J. BRYAN
    United States District Judge